FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 FEB 12 AM 9: 31

U.S. DISTRICT COURT
N.D. OF ALABAMA

CITIZENS FOR BETTER SCHOOLS,     }
et al.,                          }
                                 }
        Plaintiffs,              }
                                 }          CASE NO. CV 96-B-1369-S
                                 }
v.                               }
                                 }
BIRMINGHAM CITY PUBLIC           }
SCHOOLS, et al.,                 }
                                 }          **ENTERED**
        Defendants.              }

                                            FEB 1 2 1997

MEMORANDUM OPINION

On January 8, 1997, the court entered an Order directing plaintiffs to show cause why this

action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). That rule states

as follows:

> If service of the summons and complaint is not made upon a defendant within 120
> days after the filing of the complaint, the court, upon motion or on its own
> initiative after notice to the plaintiff, shall dismiss the action without prejudice as
> to that defendant or direct that service be effected within a specified time; provided
> that if the plaintiff shows good cause for the failure, the court shall extend the time
> for service for an appropriate period.

Plaintiff has not perfected service of the Summons and Complaint as to any of the

defendants. Defendants Birmingham City Public Schools, Geraldine Bell, Hazel Germany, Barry

Clemons, David Long, J. J. Johnson, and Bob Corley, in their individual and official capacities,

however, moved pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of plaintiffs'

Complaint. In that motion these defendants did not include failure of service of process as a

ground for dismissal. Therefore, these defendants have waived any objection for failure of service

of process. *See* Fed. R. Civ. P. 12(h)(1); *Pardazi v. Cullman Medical Center*, 896 F.2d 1313,

1317 (11th Cir. 1990) (holding that "[u]nder Fed. R. Civ. P. 12(h)(1), a party is deemed to have

15

waived any objection to . . . service of process if the party makes a pre-answer motion under Rule

12 and fails to include such objection[] in that motion").

The court therefore directed plaintiffs to show cause in writing on or before February 7,

1997, why this action should not be dismissed in favor of those defendants not listed above who

have neither been properly served with a Summons and Complaint nor waived their objection for

failure of service of process.  On February 7, 1997, plaintiffs filed their response.  Plaintiffs

provided the following explanation:

> 1.  Plaintiffs in the above styled cause retained [an] attorney . . . to initiate the
> above entitled action.
>
> 2.  That said attorney did commence this action on behalf of the plaintiffs,
>
> 3.  That plaintiffs relied on counsel to properly commence this action, including
> service of process.
>
> 4.  That plaintiffs now are prepared to initiate, and have service of process,
> perfected on any all defendants not as yet properly served, via certified mail with
> aid of the Clerk of the Court for the Northern District of Alabama within twenty
> (20) days of any Order made by this court to allow such service.
>
> 5.  Plaintiffs aver that the rights of the defendants in this action who have not been
> served will not be harmed and the best ends of justice will be served by allowing
> service to be had out of time.

(Pl.'s Response to Show Cause Order ("Pl.'s Response") ¶¶ 1-5).

Rule 4(m) permits the dismissal of an action if the plaintiff fails to serve the Complaint

within 120 days after it is filed.  The rule does not require the court to extend the time for service

unless the plaintiff shows "good cause" for the failure.

The Fifth Circuit Court of Appeals defined good cause for failure to serve under the

former Federal Rule of Civil Procedure 4(j) as "at least as much as would be required to show

excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules

usually does not suffice. . . ." *Winters v. Teledyne Movible Offshore, Inc*. 776 F.2d 1304, 1306 (5th Cir. 1985). "[C]ourts have found 'good cause' under [former] Rule 4(j) only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991). Furthermore, "[n]either actual notice of the action nor absence of prejudice to the defendant is alone sufficient to support a finding of 'good cause' under the Rule; plaintiff must demonstrate diligence in attempting to complete service." *In re Philadelphia Litigation*, 123 F.R.D. 512, 514 (E.D. Pa. 1988) (construing the former Fed. R. Civ. P. 4(j)).

Here, plaintiffs have not shown good cause for failing to properly serve defendants within 120 days from the date the Complaint was filed. Plaintiffs merely state that they were relying on counsel. The action was filed on May 28, 1996, and plaintiffs' counsel's motion to withdraw was granted on October 29, 1996, more than 150 days after the action was filed. As the Fifth Circuit stated, simple inadvertence or mistake of counsel is not sufficient to show "good cause." Furthermore, the failure of plaintiffs' counsel to properly serve the defendants is not an "outside factor." Finally, plaintiffs have not demonstrated even an attempt to serve the defendants, much less shown "diligence in attempting to complete service." Thus, plaintiffs have merely stated the reason for their failure to serve the defendants; they have not shown "good cause."

The Eleventh Circuit has explicitly stated that "a district court has no discretion to salvage an action once the court has found a violation of Rule 4(j) and a lack of good cause." *In re Cooper*, 971 F.2d 640, 641 (11th Cir. 1992). Under the current Rule 4(m), however, this court has discretion to dismiss this action or extend the time for plaintiffs to perfect service. Nonetheless, the court declines to exercise its discretion in favor of extending the time to perfect

3

service.  Plaintiffs have not argued that dismissing this action will unduly prejudice the plaintiffs, and the court is of the opinion that the action against the defendants that have not been served and have not waived service is due to be dismissed without prejudice.  An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

    DONE this ____ day of February, 1997.

SHARON LOVELACE BLACKBURN
United States District Judge

4